UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JACK RUSSELL MUSIC LTD.,
      Plaintiff/Counterclaim-Defendant,

      v.

21ST HAPILOS DIGITAL DISTRIBUTION, INC., and
HAPILOS PUBLISHING LLC
      Defendants/Counterclaim-Plaintiffs,

      v.

NW Royalty Consulting LLC,
      Counterclaim-Defendant.

Index No. 1:23-cv-04906-JMF

~~[PROPOSED]~~
**CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

---

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines, in good faith, that such designation is necessary to

protect the interests of the client in information that is proprietary, a trade secret, or otherwise

sensitive non-public information ("Confidential Information").  Documents designated by

counsel for a party as Confidential Information will be stamped "CONFIDENTIAL" or

"CONFIDENTIAL AEO" if all or a portion of the document is designated "Attorneys' Eyes

Only" ("AEO") in accordance with the paragraphs below.  Information that is not in the form of

a document disclosed by a party in an interrogatory response, disclosed in an answer to a request

for admission, disclosed during a deposition, or disclosed in any other manner, may be designated by counsel for that party as Confidential Information or AEO by stating so in the party's written response or answer, or on the record during a deposition or other proceeding, or by informing all other parties in writing at any time.  (Documents and information designated Confidential Information and AEO as set forth in this paragraph are referred to collectively as "Designated Confidential Information").

2.      With respect to any Designated Confidential Information, prior to production or disclosure to any other parties during pre-trial discovery, counsel for the disclosing party may designate any documents or portions of documents as AEO that meets any of the following criteria:

      a.      Street address or telephone number of a non-party, where the designating party determines, in good faith, that disclosure would be damaging to the client if disclosed in unredacted form to any of the other parties;

      b.      Sensitive financial and confidential business terms set forth in the document that the party determines, in good faith, would be damaging to the party if disclosed in unredacted form to any of the other parties;

      c.      Any other documents or portions of documents that the parties agree in writing, or that the Court orders, may be designated AEO.

3.      If a party produces a document where a portion of the document is designated AEO in accordance with the previous paragraph, the party shall produce both a non-AEO-designated version of the document with the AEO-designated portions redacted, and an AEO-designated version of the document without any redactions, in a manner designed to make association of the non-AEO-designated version and the AEO-designated version clear to the

receiving party.

4.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5.      Designated Confidential Information shall not be disclosed to any person, except:

      a.      The parties, and their respective employees, directors, and officers, unless the Designated Confidential Information at issue is additionally designated as AEO;

      b.      The parties' counsel, including in-house counsel, unless the Designated Confidential Information at issue is additionally designated as AEO, which shall not be disclosed to in-house counsel;

      c.      Employees of the parties' counsel assigned to and necessary to assist in the litigation, unless the Designated Confidential Information at issue is additionally designated as AEO, which shall not be disclosed to employees of a party assisting in-house counsel;

      d.      Consultants or experts assisting outside counsel in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel; and

      e.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      In the event a party challenges another party's designation of any Designated Confidential Information or any redactions thereto or any designation as AEO, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an

3

admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7.      Prior to disclosing or displaying Designated Confidential Information to any person, counsel must:

      a.   Inform the person of the confidential nature of the information or documents; and

      b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as Designated Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for redactions not requiring court approval, and redactions and sealed filings requiring court approval, as set forth in the

Court's Individual Rules and Practices in Civil Cases.

10.     At the conclusion of litigation, Designated Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected as set forth herein.

11.     Nothing herein shall preclude the parties from disclosing material that is Designated Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

| | |
|---|---|
| _____/s/ Hillel I. Parness_____ | _____/s/ Ralph N. Gaboury_____ |
| Hillel I. Parness, Esq. | Ralph N. Gaboury, Esq. |
| PARNESS LAW FIRM, PLLC | COX PADMORE SKOLNIK & SHAKARCHY LLP |
| | |
| *Attorneys for Plaintiff/Counterclaim-Defendant Jack Russell Music Ltd. and Counterclaim-Defendant NW Royalty Consulting LLC* | *Attorneys for Defendants/Counterclaim-Plaintiffs 21st Hapilos Digital Distribution, Inc. and Hapilos Publishing LLC* |
| | |
| Dated: _____March 5, 2024_____ | Dated: _____March 5, 2024_____ |

SO ORDERED.

Dated: March 5, 2024

_____
JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).